Judge Owsley
delivered the opinion of the court.
This suit was brought in the court below, by Shannon, to redeem two negroes, which he alledges were mortgaged to Speers, to secure the payment of $200.
The bill charges that Shannon tendered the payment of the $200, but Speers refused to receive it, and asks a restoration of the negroes, and general relief; and by an ammendment, alledges that since the commencement of the suit one of the negroes departed this life.
Speers, by his answer denies that the negroes were mortgaged; but alledges that he purchased them at the price of $200, and received from Shanon an absolute bill of sale.
The circuit court by an interlocutory decree; after giving Shannon credit for the hire of the negroes, directed, that upon his paying the balance of the two hundred dollars, with interest against a specified day, the surviving negro should be restored to him by Speers, but at a subsequent time, Shannon having failed to pay the balance in pursuance to the interlocutory decree ordered his bill to be dismissed.
To reverse that decree, Shannon has prosecuted this writ of error.
In reviewing the decree, we have not thought it mate *312 rial to enquire whether from the exhibits and evidence, the negroes are proven to have been sold, or mortgaged by Shannon, because, if mortgaged we conceive that Shannon has no just cause to complain of the decree.
A mortgager applying to redeem & failing to pay the mortgage money by the limited day, shall be dispossesed, & the mortgagee secured in possession.
A mortgagee refusing to restore the mortgaged property on tender of the mortgage money, should be answerable for accidents thereafter happening the property; but if a slave be the subject matter who was laboring under a malady (of which he dies) at the time of the Mortgage & tender, the mortgagee shall be discharged.
Pope for plaintiff, Haggin for defendant.
There is clearly no cause of complaint against the credits allowed Shannon for the hire of the negroes; for although it is difficult to perceive, from the decree, the process by which the court ascertained the balance decreed to be paid to Speers, upon adverting to the evidence it is perfectly plain that Shannon was not decreed to pay more than appears due after allowing him full compensation for the hire of the negroes.
And with respect to Shannon’s claim for compensation account of the deceased negro, there is as little room for complaint.
Supposing the negroes to have been mortgaged, it is true Speers ought, upon the tender being made by Shannon, to have restored them, and being under an equitable obligation, to do so, should make compensation for any injury resulting from subsequent contingencies; but in the present case, the death of the negro is proven to have been caused by an affection, under which he labored not only at the time of the tender, but likewise when he was received by Speers, and as Speers seems not to have been guilty of any inattention or negligence towards the negro, it would illy accord with the principles of equity, to compel him to remunerate Shannon for the loss occasioned by the death. The value of the negro would, under any circumstances, form an enquiry in estimating compensation; but as he is proven to have died of a disease under which he laboured when Speers received him, he cannot be considered to have been of any intrinsic value, either when the tender was made, or at any subsequent time.
The decision must therefore be affirmed.